### JOSEPH S. THOMAS v. REMINGTON TYPEWRITER CO.

TYPEWRITER LEFT AT HOTEL BY A GUEST UPON HIS DEPARTURE, WITHOUT PAYING
HIS BILL, IS SUBJECT TO INNKEEPER'S LIEN.

> Section 4427b Rev. Stat., providing for the lien of an innkeeper,
> is merely declaratory of the common and does not enlarge or extend an
> innkeeper's lien, so far as it relates to the property of a third person in
> the possession of a guest, nor does it violate any constitutional right.
> Hence, the lien attaches to a typewriter left at a hotel by a guest who
> departed without paying his bill, notwithstanding he had no title to
> the machine and had obtained possession thereof by false pretenses.

ERROR to Hamilton common pleas court.

**Geoffrey Goldsmith,** for plaintiff in error.
**Burch & Johnson,** for defendant in error.

## SMITH, J.

The undisputed facts in the evidence disclose, that on or about
April 21, 1905, the defendant company delivered to one B. L. Wendel-
born a certain typewriter, belonging to defendant in error, upon said
Wendelborn's statement that he was acting as agent for an amusement
company; that said company desired to rent a typewriter from the Rem-
ington Typewriter Company, and that said amusement company had
authorized him to rent the typewriter for it. Thereupon said typewriter
was delivered to said Wendelborn on the agreement that for each and
every month said typewriter was so rented, said amusement company
was to pay therefor a rental of five dollars per month, but no rent was
ever paid for the use of the same.

Upon the delivery of the typewriter to said Wendelborn, the latter
brought the same to the Newmarket Hotel, at which hotel he was and
had been a guest since February 1, 1905, stating to the proprietor of
the hotel that the typewriter belonged to him. A few days later said
Wendelborn left said hotel without paying his account of $40 for board
and lodging, leaving said typewriter in the possession of the proprietor
of the hotel, who claims a lien upon the same for the unpaid bill incurred
by said Wendelborn.

Thereupon an action in replevin was brought by the defendant in
error to recover possession of the typewriter. The undisputed facts fur-

ther disclose that the statement made by Wendelborn to the Remington Typewriter Company that he was authorized by the amusement company to rent said typewriter for it, and also his statement to the proprietor of the hotel that he was owner of said typewriter, were false. The value of the typewriter was placed at $75.

Upon a hearing of the case in the court of common pleas, at close of all the testimony, the court instructed the jury to return a verdict for the defendant in error, and entered judgment thereon, and this case is now brought to reverse the action of said court.

Under these facts the relation between the plaintiff in error and Wendelborn at the time of the above transaction was that of innkeeper and guest. This being the relation, the plaintiff in error was entitled, at common law to a lien upon the baggage and other property of the guest brought by him into the hotel, and said plaintiff in error was entitled to detain any property brought into his hotel by the guest as security for the payment of an amount due by the guest for lodging, board and accommodations furnished. This lien became a part of the law of this state, as our courts administer the common law of England in so far as its principles are not inconsistent with our own institutions, or opposed to the habits, customs and policies of the people of our state. Clev. C. & C. Ry. v. Keary, 3 Ohio St. 201.

This being so the plaintiff in error could retain the typewriter in question for the unpaid amount of his guest's bill, unless Sec. 4427b Rev. Stat. would deprive said innkeeper of his lien. The section in question provides, that the keeper of any inn shall have a lien on the baggage and other property in and about said inn belonging to or under the control of his guest for the proper charges due him from said guest, for the accommodation, board and lodging furnished said guest, and said innkeeper shall have the right to retain said baggage and other property until the amount of such charges is paid.

It is urged in argument, that while the possession of the typewriter passed to Wendelborn, the title to the same did not pass, and therefore said typewriter did not belong to, and was not under the control of said Wendelborn, and consequently the innkeeper's lien would not attach thereon.

We believe that this section is declaratory of the common law and does not enlarge or extend an innkeeper's lien, so far as it relates to the property of a third person in the possession of the guest, and that said section is not in violation of any constitutional right. Under the facts in this case, Wendelborn was possessed of the typewriter in question, and it was under his control. The words ''under the control of the

Thomas v. Typewriter Co.

guest" we think, should be construed in the light of the common law decisions, and while the title to the typewriter in question may not have passed to Wendelborn, yet the innkeeper had a lien on the typewriter superior to the right of the defendant in error to retake possession of the same.

A very full and able discussion of this matter is set out in the case of *Waters* v. *Gerard*, 189 N. Y. 302 [82 N. E. Rep. 143].

The judgment of the court below will be reversed, and upon the undisputed facts in the case, judgment for plaintiff will be entered in this court.

**Swing** and **Giffen, JJ.,** concur.